Alan E. Engle (SBN 224779)
aengle@cbcounselor.com
Ben Solter (SBN 269388)
bsolter@cbcounselor.com
Cross-Border Counselor, LLP
1115 Seal Way
Seal Beach, CA 90740
Telephone: (310) 428-6985
Facsimile: (714) 386-5368

Attorneys for Plaintiff HK SISHUN TRADE CO., LIMITED,

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HK SISHUN TRADE CO., LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>EGREEN TRANSPORT CORPORATION,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR CONVERSION BREACH OF CONTRACT**<br><br>**Jury Trial Demanded** |

Plaintiff HK Sishun Trade Co., Limited ("Sishun"), by and through its attorneys, files this Complaint against Defendant Egreen Transport Corporation ("Egreen") and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action asserted by Plaintiff involving claims in an amount exceeding $75,000, excluding interest and costs. Plaintiff and Defendant are citizens of different states. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

2. This Court has personal jurisdiction over Defendant because it resides in this district and operates its business in this district. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## THE PARTIES

3. Plaintiff HK Sishun Trade Co., Limited is a Hong Kong limited company with its principal place of business in Hong Kong, People's Republic of China.

4. Defendant Egreen Transport Corporation is a California corporation with its principal place of business in Jurupa Valley, California. Egreen operates two warehouses in San Bernardino County and one in Riverside County.

## BACKGROUND OF THE ACTION

5. Plaintiff Sishun is an international trading company headquartered in China that imports products manufactured in Asia to the United States and other countries. It sells wholesale goods, such as consumer products, kitchen appliances, and plumbing supplies, to US retailers such as Home Depot. It also sells a broad range of consumer goods via online platforms such as Amazon.com and Ebay.com.

6. Egreen is a warehousing services company that warehouses its customers' goods and also offers services for shipment of customer orders within the United States by integrating its inventory management system with a client's

online ordering system. In this capacity, Egreen operates as a 3PL or "third-party logistics" company that temporarily stores goods and ships them to US retailers or individual customers based on orders its clients receive.

7.     For example, Shishun might import eight shipping containers of household tools to the Port of Long Beach and arrange for their delivery to Egreen's warehouse in Fontana. Egreen would then take custody of the goods, and, at Sishun's direction, package and ship goods to individual e-commerce customers. In this respect, Egreen operates as a warehouser but also as a logistics and fulfillment company.

8.     Some of Sishun's goods stored in Egreen's warehouses are listed for sale at Amazon.com and other online retailers. When orders are made for such goods, Sishun sends the order information to Egreen, and Egreen packs the orders, affixes customer address labels, and deposits the packages with FedEx or another common carrier.

9.     As discussed below, in March 2025 the parties signed a Settlement Agreement for the removal of all of Sishun's goods, amounting to more than a million units, from various Egreen warehouses. A fully redacted copy of the Settlement Agreement is attached hereto as Exhibit 1 (an unredacted copy will be lodged with the Court[1]). Approximately 820,000 units of Sishun's goods have been removed from the Egreen's warehouses since the Settlement Agreement was signed in March 2025, but Egreen now refuses to effect the removal of the remaining goods without further condition.

10.     As of July 21, 2025, Egreen is still holding approximately 500,000 units of Sishun's goods in at least three warehouses, including two warehouses in this District (Fontana and Jurupa Valley) and at least one warehouse in Savannah,

---

[1] Sishun waives the Confidentiality Clause of the Settlement Agreement, Art. 6, and requests the Court abrogate the clause in the interests of justice, judicial economy, and public access to court records.

Georgia. Egreen's refusal to release Sishun's goods is inconsistent with governing law as well as the express terms of the Settlement Agreement.

**HISTORY AND CONTRACTUAL DISPUTES**

11.    The parties' relationship began when they entered into a "WAREHOUSE RATES AND CHARGES AGREEMENT" (the "Agreement") in January 2021, a copy of which is attached hereto as Exhibit 2. Among other things, the Agreement specifies various fees and charges related to Egreen's warehousing and shipping services. *Id.* at pp. 1-3. By its terms, the Agreement concerns shipment to and storage in a single warehouse in Ontario, California. *Id*. at sec. 6. On information and belief, Egreen no longer operates a warehouse in Ontario, and Sishun's goods in Southern California are located in warehouses in Fontana (San Bernardino County), Jurupa Valley (Riverside County), and perhaps Bloomington (San Bernardino County).

12.    The parties worked together from 2021 to 2024, occasionally negotiating rate increases. See, e.g., Exhibit 3, March 31, 2021 Supplement to Warehouse Rates and Charges Agreement. Exhibit 3 indicates rates and charges for various services agreed between the parties based on, for example, the weight and volume of goods stored and processed.

13.    In late 2024, Egreen began to demand significant rate increases and additional payments from Sishun. Sishun could not agree to such rate hikes and did not wish to continue doing business with a partner who would use its possession of a client's goods (valued at over $50,000,000) to make usurious demands.

14.    Indeed, based on various lawsuits filed by Egreen customers in state and federal courts, Egreen has a pattern of leveraging possession of its customers' goods to extract unagreed fees. Warehousing laws in California and other jurisdictions have been enacted to prohibit such conduct by those entrusted with the property of others. See UCC Article 7; Cal. Com. Code §§ 7201 *et seq.*

COMPLAINT

15. By way of background to the present dispute, Egreen's billing statement for January 2025 applied a unilateral 20% price increase. When settling the January invoice, Sishun did not pay the 20% additional fee, but it did pay $2,069,452 for warehousing, processing, shipping, and related services under the terms of the parties' existing Agreement. On information and belief, in its billing statement for March 2025, discussed below, Egreen added a unilateral 30% price increase to force a renegotiation of the parties' business relationship.

16. On information and belief, in February 2025 Egreen began slowing shipment of Sishun's goods to customers to gain leverage over Sishun, thereby reducing Sishun's revenue, injuring its customers, and damaging Sishun's online ratings and its relationships with retail customers and online platforms, such as Amazon.com.

17. Because of the irreparable rupture in the parties' relationship, on Friday, March 7, 2025, Sishun sent Egreen a letter demanding release of its goods. The letter was attached to an email, the subject of which was "Formal Request for Return of Sishun's Goods." Exhibit 4, March 7, 2025 email and Letter from Sishun to Egreen.

18. The letter notified Egreen that Sishun was invoking its right to delivery of its goods pursuant the parties' initial Agreement, which states that, "These goods will be delivered to the Depositor at Depositor's request…24 to 48 hours advance notice is required for delivery and pick-up." *Id*. Sishun also had and has a right to possession of its goods under Cal. Com. Code §§ 7201 *et seq*., its general rights of ownership, and pursuant to its authority over Egreen as its agent.

19. In response to Sishun's request for a detailed specification of alleged warehouse fees due, on Monday, March 10, 2025 counsel for Egreen responded with an email attaching 11 separate invoices totaling $46,973,120.91. Exhibit 5, March 10, 2025 Email and attached invoices. Among other fanciful charges, the

attached "Payment Due Summary List" adds an item for "legal fees" for $990,000.00, rendering the total amount allegedly due, $47,963,120.91. These fees were allegedly required to be paid before Egreen would release Sishun's property, though the fees do not reflect genuine charges under the parties' agreements and are inconsistent with the laws governing the obligations of warehouses. Cal. Com. Code §§ 7202-7210.

20.    For example, Invoice 7 purports to be for two items, "SAV1 Warehouse Space Adjustment Fee" and "SAV2 Warehouse Space Adjustment Fee" in the amount of $12,988,896.51 and $13,520,826.08 respectively, a total charge of $26,509,722.62. On information and belief, these purported fees reflect funds Egreen desired in connection with the opening two new warehouses in Savannah, Georgia. They do not reflect any agreement between the parties, much less actual warehouse charges.

21.    Thus, Egreen was holding Sishun's warehoused goods hostage under the pretext of a possessory lien to unlawfully extract unagreed fees, jeopardizing Sishun's multimillion-dollar business relationships with online sales platforms and retail customers.

22.    In fact, not only did Egreen prevent Sishun from removing its goods from Egreen's warehouses, it also attempted to transport Sishun's goods to another location in an effort to gain leverage and extort payments from Sishun. As a result, Sishun was forced to hire security personnel to monitor Egreen's warehouses and the status of Sishun's property.

23.    A bailor's goods must be delivered by the bailee upon demand. Cal. Com. Code. § 7403. A warehouse or other bailee is not permitted to demand excessive, unearned, or unagreed fees in response to a demand for delivery. Yet Egreen sought to retain possession of approximately $55 million in goods to satisfy at most $2,231,622.91 in fees, mostly for ancillary order-fulfillment services and not the actual warehousing of goods.

COMPLAINT

24. As a result of these events, on March 13, 2025, Sisun filed a Complaint for Conversion and Breach of Contract and an Application for a Temporary Restraining Order to secure the immediate release of Sishun's property, *HK Sishun Trade Co., Limited v. Egreen Transport Corporation*, case 5:25-cv-00663 (C.D. Cal. 2025).

**THE SETTLEMENT AGREEMENT**

25. Prior to any hearing on the TRO, the parties engaged in extensive negotiations over the weekend of March 14, 2025 for the release of Sishun's goods. The these negotiations resulted in a detailed Settlement Agreement, where Sishun agreed to make various payments and Egreen agreed to release Sisunh's goods in phases. A redacted version of the March 16, 2025 Settlement Agreement is attached hereto as Exhibit 1. Pursuant to the Settlement Agreement, Sishun immediately dismissed its recently-filed Complaint and TRO Application without prejudice.

26. The Settlement Agreement is essentially a structured divorce that sets forth a framework for the orderly unwinding of the parties' business relationship over three months. Sishun agreed to the Settlement Agreement to minimize its ongoing losses (including harm to its reputation and business relationships), to provide for the orderly transfer of its property, and to terminate its relationship with Egreen once and for all.

27. It has now been over three months since the Settlement Agreement was signed. During this period Sishun has paid Egreen over ten million dollars and performed all material terms of the Settlement Agreement, and Egreen has released over 800,000 units of Sishun's goods from its warehouses. However, Egreen still retains nearly 500,000 goods belonging to Sishun and is now refusing to release them without additional payments and Sishun's agreement to continue using Egreen's services in the future.

28. This places the parties in a situation similar to where they were prior

7
COMPLAINT

to entering the Settlement Agreement, with Egreen holding Sishun's goods hostage to coerce unearned fees and concessions. If Egreen believes that Sishun owes it compensation, it can file suit for the amount allegedly owed. It cannot use its position of trust as a custodian of Sishun's goods to force Sishun to bend to its demands.

29. Egreen's conduct is not only unlawful conversion, it also violates the express terms of the parties' Settlement Agreement. For example, "If the goods cannot be delivered in time due to EGREEN's reasons, SISHUN has the right to enter the EGREEN warehouse to ship or transship." Ex. 1, Settlement Agreement at Art. 4, ¶ 3. This is despite Egreen's "promise and guarantee to perform the Settlement Agreement with the utmost good faith," *Id.* at Art. 3, ¶ 2.

30. Sishun therefore brings this action to compel Egreen to release Sishun's property and for compensation and damages caused by Egreen's unlawful conversion and breach of the parties' Settlement Agreement.

**FIRST CAUSE OF ACTION**

**(Conversion)**

31. Plaintiff Sishun Trade Co., Limited hereby re-alleges and incorporates by reference herein the prior allegations contained in this Complaint.

32. Sishun entered into various Agreements with Egreen beginning with the initial Agreement in January 2021 for storage, processing, and shipment of Sishun's goods to Sishun's customers as alleged above.

33. Egreen agreed to take custody of, store, process, and ship Sishun's goods to Sishun's customers for fees detailed in the initial Agreement and subsequent Agreements reached between the parties.

34. On or about November 2024, Egreen began to demand Sishun pay excessive additional fees for its services that did not reflect any contractual agreement between the parties.

35. To gain leverage over Sishun, Egreen began slowing shipment of

8

COMPLAINT

Sishun's goods to customers in February 2025, thereby reducing Sishun's revenue, injuring Sishun's customers, and damaging Sishun's relationship with wholesale and retail customers and online platforms, such as Amazon.com.

36.    Sishun unambiguously demanded that Egreen release and return custody of Sishun's goods.

37.    Sishun has sought to obtain an accounting of any funds it owes Egreen for warehouse and related services and Egreen refused to provide an accurate statement of account. As discussed above, Egreen wrongfully demanded $47,963,120.91 for the release of Sishun's property.

38.    In March 2025, the parties entered into a Settlement Agreement to facilitate the transfer of Sishun's goods from Egreen's warehouses. The transfer of goods was to be substantially completed on or around mid-June 2025. Nevertheless, Egreen still retains custody of approximately 500,000 units of Sishun's goods and refuses to release the goods to Sishun without conditions.

39.    Egreen's acts constitute unlawful conversion of Sishun's property. On information and belief, such conversion was undertaken under false pretenses in an effort to force Sishun to pay Egreen additional unearned fees.

40.    As a result of the conversion of its goods, Sishun has been damaged in an amount not less than $25,000,000, reflecting the retail value of the converted goods, unfulfilled sales, interruption of Sishun's business, and harm to Sishun's reputation and business relationships.

41.    Sishun has also suffered consequential damages, including loss of expected profit from their operation, time and efforts of agents and employees to investigate and address the matter, interest, harm to its reputation, legal fees, and other damages.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

42.    Plaintiff Sishun Trade Co., Limited hereby re-alleges and

9

COMPLAINT

incorporates by reference herein the prior allegations contained in this Complaint.

43.    In March 2025, Sishun and Egreen entered into a Settlement Agreement whereby the parties would unwind their business relationship. Egreen agreed to release and transfer Sishun's goods from its US warehouses over the course of three months and Sishun agreed to make a series of payments over that time.

44.    Sishun has performed its required obligations under the Settlement Agreement and made all the payments specified by the Settlement Agreement.

45.    While Egreen has released a significant number of Sishun's goods in its custody, it now refuses to release the remaining goods without condition.

46.    Egreen's failure to release Sishun's goods without condition is in violation of the Settlement Agreement, its covenant to perform its obligations under in "utmost good faith," and its agreement to permit Sishun the "right to enter the EGREEN warehouse[s] to ship or transship" goods that have not been transferred during the period specified in the Settlement Agreement.

47.    In breach of the Settlement Agreement Egreen has refused to permit Sishun to pick up its goods from Egreen's warehouses after notice and demand.

48.    Egreen's refusal to allow Sishun to obtain its property from Egreen's custody is without legitimate excuse or justification under the Settlement Agreement or governing law.

49.    Egreen has impermissibly sought to impose additional, unreasonable, and unagreed conditions on Sishun not contemplated by the Settlement Agreement in an effort to extend their business relationship in a manner contrary to the Settlement Agreement.

50.    Egreen's acts, omissions, and refusal to perform material terms of the Settlement Agreement constitute breach of the Settlement Agreement.

51.    Sishun has been damaged in an amount not less than $25,000,000, reflecting the retail value of the converted goods, unfulfilled sales, interruption of

Sishun's business, and harm to Sishun's reputation and business relationships.

52. Sishun has also suffered consequential damages, including loss of expected profit from their operation, time and efforts of agents and employees to investigate and address the matter, interest, harm to its reputation, legal fees, and other damages.

## PRAYER FOR RELIEF

WHEREFORE, HK Sishun Trading Co., Limited prays for the Court to enter judgment and provide relief as follows:

(a) award Sishun damages for Egreen's unlawful conversion of Sishun's goods in an amount to be proven at trial;

(b) award Sishun damages for Egreen's willful breach of its duty as an agent to responsibly manage Sishun's property in an amount to be proven at trial;

(c) award Sishun damages for Egreen unjustified breach of the Settlement Agreement;

(d) award Sishun punitive damages in connection with Egreen's conversion detailed above;

(e) award Sishun its costs and attorneys' fees;

(f) enter a preliminary and permanent injunction preventing Egreen from moving, selling, disposing, or otherwise transporting Sishun's goods without Sishun's express permission and granting Sishun leave to access to remove its property from Egreen's warehouses;

(g) such further and additional relief as the Court deems just and proper.

///

///

///

///

COMPLAINT

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: July 22, 2025          CROSS-BOARDER COUNSELOR, LLP


                                        */s/ Alan E. Engle*

                              Alan E. Engle (SBN 224779)
                              aengle@cbcounselor.com
                              Ben Solter (SBN 269388)
                              bsolter@cbcounselor.com
                              Cross-Border Counselor, LLP
                              1115 Seal Way
                              Seal Beach, CA 90740
                              Telephone: (310) 428-6985

                              Attorneys for Plaintiff HK
                              SISHUN TRADE CO.,
                              LIMITED

COMPLAINT