Dariush Adli, Esq., SBN 204959
  adli@adlilaw.com
Vernon Nelson, Esq., SBN 194992
  vernon.nelson@adlilaw.com
ADLI LAW GROUP, PC
3453 Newridge Dr.,
Rancho Palos Verdes, CA 90275
Telephone: (213) 623-6546
Attorneys for Egreen Transport Corporation

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HK Sishun Trade Co., Limited<br><br>*Plaintiff*,<br><br>vs.<br><br>Egreen Transport Corporation<br><br>*Defendants*. | Case No: 5:25cv01869<br><br>**DECLARATION OF MONICA WANG IN SUPPORT OF OPPOSSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

I, MONICA WANG, declare as follows:

1. I am the Vice President of Egreen Transport Corporation ("Egreen") the Defendant in the above-captioned case. I have personal knowledge of the matters set forth herein and, if called as a witness, I could and would competently testify thereto. I make this Declaration in support of Egreen's Opposition to the Application for Temporary Restraining Order by Plaintiff HK Sishun Trade Co., Limited ("Sishun")

2. Since 2021, Egreen has served as Sishun's primary U.S. logistics provider under a comprehensive warehouse service agreement. [Warehouse Agreement attached as **Exhibit F**.] The contract sets forth the scope of services, pricing structure, handling of goods, and Egreen's warehouse lien over goods stored with Egreen under

1

2985.222

a warehouse receipt. Despite contractually agreed pricing, Sishun has consistently paid only 50% of the amounts due since 2021. When Egreen raised the issue, Sishun repeatedly reassured Egreen it would revert to the original pricing terms but has never fulfilled this promise.

3. Sishun operates in the United States through its consumer brand, "VEVOR," selling a vast range of products through online platforms like Amazon.com. During the past four years, based on repeated personal and written assurances from Sishun's executives and shareholder, Egreen had executed additional leases for Sishun's benefit and had staffed and operated over 1.7 million square feet of warehouse space in Los Angeles, Savannah, and New Jersey for Sishun's use. The business relationship between the parties was substantial, with Sishun eventually becoming Egreen's sole customer, and Egreen dedicating all of its warehouse space and operational resources in California and Savannah to servicing the VEVOR brand.

4. Beginning in February 2025, Sishun not only refused to implement the agreed pricing but also notified Egreen of its intent to withdraw all inventory. Currently, 100% of the inventory in Egreen's Savannah warehouse and over 95% of the inventory in its other warehouses belong to Sishun. Sishun's actions caused severe harm and financial loss to Egreen's operations, include potential lease defaults, payroll shortfalls, and third-party contract breaches. Despite years of underpayment, Sishun has failed to compensate Egreen for outstanding service fees or related losses.

5. Sishun filed a lawsuit in this District to enjoin Egreen from exercising its warehouse lien. Subsequently, the parties executed a comprehensive Settlement Agreement on March 16, 2025 (the "Settlement Agreement"), which was intended to resolve that action and govern their business relationship. (Complaint, Dkt. 1, ¶¶ 24-25; Settlement Agreement, ECF No. 1-1; **Exhibit G** attached hereto.)  Pursuant to the Settlement Agreement, Sishun agreed to pay Egreen a total of over $13 million in installments to satisfy a partial portion of its past-due obligations in exchange for the phased release over three-months of some of Sishun's goods from Egreen's

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

2

warehouses.

6. I was personally involved in the negotiation of the March 16, 2025 Settlement Agreement with Sishun and have overseen its implementation. I am aware that the Settlement Agreement contains a mandatory forum selection clause, requiring any new litigation between the parties be brought in the Superior Court of San Bernardino County, California.

7. Sishun has failed to meet its payment obligations under the controlling Settlement Agreement. Sishun's breaches include, but are not limited to, its failure to pay the June 2025 invoice for $1,015,909.66; an outstanding prior shortfall of $2,158,562.34; and an additional $2,962,114.08, which includes $421,736.62 for July invoice and $2,540,377.46 for immediate and current due costs for the facility, including rent, labor, and equipment necessary to service Sishun's account. A true copy of the June Invoice is attached as **Exhibit A**. A true copy of the Prior Short Payment Invoice is attached as **Exhibit B**. A trued copy of the Current Due July and Facility Invoices are attached as **Exhibit C**. The total past-due and immediately payable amount for which Egreen has asserted its lien is $6,136,586.08.

8. In direct response to Sishun's breach, Egreen is lawfully exercising its lien rights as explicitly granted by the contract the parties negotiated. Article IV, Section 2 of the Settlement Agreement states that if Sishun fails to make a payment on time, Egreen has the right to exercise a lien on all of Sishun's goods in its possession. Accordingly, Egreen is not holding Sishun's goods "hostage," but is asserting its bargained-for contractual rights as a secured creditor.

9. I have reviewed the Declaration of Yaowei Zhou filed in support of Sishun's TRO application, specifically his account of a phone call on or about June 24, 2025. His characterization of that call is false.

10. I unequivocally deny that I demanded "future businesses" or "additional new items to be shipped into their warehouses" as a condition for the release of Sishun's remaining goods. Sishun's own declaration from Yaowei Zhou does not

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

3

DECLARATION OF MONICA WANG

actually contain this allegation, and the Settlement Agreement itself contradicts Sishun's narrative that the relationship was to be terminated, as it expressly contemplates the parties working together to resume normal operations at the New Jersey facility.

11. During our call, I informed Mr. Zhou that because the three-month period for removal of goods had expired, Sishun was now responsible for all "actual costs" incurred for continued storage and handling, pursuant to Article 1, Section 6 of the Settlement Agreement. The fee of approximately $2.1 million that he references was our estimate of these accrued costs. It was not an arbitrary or improper demand. To my knowledge, Sishun is not current on all of its payment obligations under the Settlement Agreement.

12. Over the past several months, Egreen has been forced to contact law enforcement on multiple occasions due to the disruptive and harassing conduct of individuals we believe were acting at the direction of Sishun and Vevor. For example, between March 8 and March 11, 2025, agents of Sishun/Vevor physically blocked access to our warehouse doors, disrupting our normal business operations. We filed police reports regarding these incidents at our facilities in Fontana, California (Report Nos. JV250700073 and FN250700042) and Rialto, California (Report No. 250311-0238). During this same period, an employee sent by Sishun/Vevor used a U-Haul to block a warehouse door at our facility in Savannah, Georgia, which was also reported to the police (Report No. 250311011). The harassment has continued, and on June 27, 2025, we were forced to file another police report in Jurupa Valley, California, after Sishun/Vevor hired a third-party company, JK Security, to again block access to our warehouse door (Report No. JV25178109).

13. Sishun's bad-faith conduct is not limited to its dealings with Egreen. Publicly available records reveal that Sishun and its consumer brand, VEVOR, have a documented history of alleged corporate misconduct. As summarized in the report attached as **Exhibit D**, Sishun and its affiliates have been repeatedly accused in

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

DECLARATION OF MONICA WANG

federal courts and other forums of serious wrongdoing, including selling dangerous and defective products linked to safety recalls and personal injuries, widespread intellectual property infringement resulting in numerous lawsuits from U.S. companies, and deceptive trade practices such as manipulating customer reviews on Amazon. This pattern of disregarding U.S. regulations extends to their shipping practices. Sishun and its affiliate Sanven recently tendered packages containing undeclared flammable hazardous materials for air transport, prompting a formal Warning Notice from FedEx to Egreen for violating FAA regulations and creating a significant safety risk. A true copy of the Warning Notice is attached as **Exhibit E.**

14. The present dispute over the lien is a fraction of a much larger, more complex commercial conflict arising from Sishun's conduct over the parties' entire 4 ½ year business relationship. Egreen is currently preparing a comprehensive complaint to be filed against Sishun and its affiliates, Vevor and Sanven, in the San Bernardino County Superior Court. Egreen's claims in that action will detail a pattern of systematic underpayment by Sishun dating back to 2021 and Sishun's breach of a major commitment to fill a new warehouse in Savannah, Georgia, which caused Egreen to incur millions in losses. Further, Egreen faced labor violations and was penalized by the U.S. Department of Labor as a direct result of the pressure from Sishun to expedite deliveries, and the workers identified in the investigation worked exclusively on Sishun's account. In total, Egreen calculates its damages to exceed $170 million based on the following history of business dealings with the Parties:

**<u>Damages Caused through History of Business Dealings with Sishun</u>**

15. Since the beginning of Egreen's relationship with Sishun Trade Co., Limited , including Shanghai Sishun, Hong Kong Sishun and Vevor, ("Sishun"), Mr. Pengfei Chen, who serves as Head of Sishun's Overseas Warehouse Logistics, repeatedly and explicitly assured Egreen that Sishun would assume full rental obligations ("liability") for the following six warehouse facilities, and that sufficient

DECLARATION OF MONICA WANG

1013.211

cargo volumes would be provided for each:

1. **Los Angeles Warehouse #1**: First located at 18550 Orange Street, Bloomington, CA (371,442 sq. ft.), later relocated with Sishun's consent to 13055 Valley Blvd, Fontana, CA (349,552 square feet);

2. **Los Angeles Warehouse #2:** 2380 Base Line, Rialto, CA (255,173 square feet);

3. **Los Angeles Warehouse #3**: 11450 Philadelphia Ave, Jurupa Valley, CA (238,397 square feet);

4. **Savannah Warehouse #1**: 102 Norwest Ct, Pooler, GA (257,250 square feet);

5. **Savannah Warehouse #2**: 455 Jimmy Deloach Parkway, Savannah, GA (305,136 square feet);

6. **New Jersey Warehouse #1**: 1980 US HWY 1, North Brunswick, NJ (191,481 square feet)

16. These assurances formed the operational and financial basis on which Egreen entered into the leases and invested in the infrastructure and staffing to support Sishun's operations.

17. For Savannah Warehouse #1, during July–August 2023, Sishun urgently requested that Egreen open a warehouse in Savannah, claiming that over 300 containers were either at port or in transit, and described the situation as a "critical emergency." Acting on this urgency, Egreen secured and opened the Savannah Warehouse #1 in August 2023.

18. At that time, opening a warehouse in Savannah was highly challenging due to a lack of skilled warehouse managers and labor, as well as substantial operational risks. Nevertheless, Egreen overcame these challenges and commenced operations. However, during the first three months of operation, Sishun did not send a single container, violating their urgent fulfillment promise and causing Egreen significant

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

6

idle cost and operating losses.

19. For Savannah Warehouse #2, in January 2024, Mr. Pengfei Chen personally visited a warehouse located at 455 Jimmy Deloach Parkway, inspected it alongside Egreen's team, and reaffirmed in person: "Both Savannah warehouses are Sishun's liability. I guarantee they will be filled." Relying on this assurance, Egreen entered into a lease for the 455 Jimmy Deloach Parkway in February 2024. However, after a brief delivery of initial inventory, Sishun abruptly shifted its position, claiming that "Sishun no longer has that much cargo for Savannah due to a company strategy change." As a result, warehouse 455 has remained 60–70% vacant to this day, contrary to Sishun's commitments.

20. In New Jersey, prior to 2024, Sishun relied solely on a single warehouse vendor in New Jersey: Elogistics. According to Sishun, Elogistics had a persistently poor KPI record, which caused repeatedly warned or penalized by Amazon, facing partial shutdown. Mr. Pengfei Chen urged Egreen multiple times to open a warehouse in New Jersey to help "diversify Sishun's vendor base." Based on these requests, Egreen signed a lease and launched operations at warehouse 1980 (191,481 sq ft) in February 2024. Sishun's failure to provide consistent delivery volumes ultimately forced the closure of this warehouse.

21. **For Los Angeles Warehouse #1**, following a breakdown in the relationship between Sishun and its prior vendor 4PX in 2022, Mr. Pengfei Chen requested that Egreen immediately open a new warehouse to take over the operations. Egreen responded by opening this warehouse.

22. **For the Los Angeles Warehouse #3,** due to sustained losses and eventual closure of some of Sishun vendors like Jinpeng and Esutong in Los Angeles, Mr. Chen promised that Sishun would support Egreen for a 250,000–300,000 square feet facility if Egreen could take over Sishun's goods. With this promise, Egreen then opened this warehouse.

//

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

7

DECLARATION OF MONICA WANG

23. **For Los Angeles Warehouse #2**, this warehouse was initially used as a dumping ground by other vendors for abandoned Sishun inventory. Mr. Chen specifically instructed Egreen to absorb and manage these abandoned Sishun's inventory and ultimately integrated this facility into Sishun's logistics network.

24. Each of the above facilities was leased, staffed, and operated by Egreen in **reasonable reliance** on direct, repeated assurances by Sishun executives, including Mr. Pengfei Chen. Egreen has consistently fulfilled its obligations in good faith.

25. Sishun promised to continue the business relationship and ensure that Egreen's warehouses would be fully utilized with their goods. On March 16, 2025, Egreen and Sishun authorized representative Mr. He Jiabo, a Sishun's shareholder, entered into a formal settlement agreement. Mr. He repeatedly and explicitly promised:

- That regular shipping goods to Egreen's warehouse would resume no later than July 10, 2025;
- That initial shipping volume would be no less than 50 containers (40-foot) per week.
- That shipping volume would ramp up quickly thereafter.
- A new cooperation agreement would be executed before July 10, 2025.

26. Yet, as the promised deadline approached, Sishun once again unilaterally breached its commitments:

- Stop sending orders to Egreen (without receiving these orders, Egreen could not ship any goods).
- Instructed armed individuals impersonating security to obstruct Egreen's warehouse operations.
- Unilaterally ceased all outstanding payments, to evade contractual liability.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

8

DECLARATION OF MONICA WANG

27. The total damages cause by Sishun's history of breaches and bad faith business practices are as follows:

1. Immediately amount owed from invoices totaling $6,136,586.08 (See **Exhibits A-C** attached hereto)

2. Egreen's liability with its landlords caused by damages suffered from defaulted warehouse leases due to Sishun breach of promise to lease warehouse space, totaling approximately $56,250,386.45.

3. Due damages due to price difference and unfilled warehouse space from January 2021 through present is approximately $114,424,408.84.

28. Even with a payment of the immediate amounts owed on Egreen's warehouse lien, it does not come close to covering over $170,000,000 of damages cause by Sishun since 2021. Through the years' service to Sishun, Egreen has consistently fulfilled its obligations in good faith. Sishun, by contrast, has engaged in a pattern of **financial nonperformance, operational disruption,** and **intimidation tactics,** all of which have resulted in significant harm to Egreen's business.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 28th day of July 2025, at _____Fontana_____.

_____

Monica Wang

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

9

DECLARATION OF MONICA WANG

**CERTIFICATE OF SERVICE**

I hereby certify that on July 28, 2025, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

ADLI LAW GROUP, P.C.

Dated: July 28, 2025                    By    /s/ Dariush Adli

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

2985.222

10
CERTIFICATE OF SERVICE